IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Guardianship of: | ) | No. 38391-1-III |
| | ) | |
| BRODEY MICHAEL HICKS, | ) | UNPUBLISHED OPINION |
| | ) | |
| An alleged incapacitated person. | ) | |

PENNELL, J. — Juanita Cimmiyotti appeals an order dismissing her petition for legal guardianship over her son, Brodey Michael Hicks. We affirm.

## BACKGROUND

The procedural history of this case is significant to our analysis on appeal. We therefore focus our background discussion on a chronology of the parties' filings and court hearings.

On June 23, 2021, Juanita Cimmiyotti filed a guardianship petition regarding her son, Brodey Hicks. The petition was filed shortly after Mr. Hicks turned 18 years of age and alleged Mr. Hicks was a vulnerable adult due to diagnoses of Autism spectrum disorder and Tourette syndrome. Ms. Cimmiyotti averred in the guardianship petition that a guardian ad litem (GAL) should be appointed. The petition was noted for hearing on July 8 and then renoted by Ms. Cimmiyotti for hearing on July 15.

Mr. Hicks obtained counsel on July 2, and on July 7 he filed a motion to dismiss the petition, explaining he was not in need of a guardian. Mr. Hicks filed several documents in support of his motion. The dismissal motion was noted for hearing on July 22.

Despite being renoted for July 15, the guardianship petition's request for appointment of a GAL came up on July 8 as part of the trial court's regularly scheduled daily docket. Mr. Hicks and his attorney were present, but Ms. Cimmiyotti and her attorney were not. Counsel for Mr. Hicks explained Ms. Cimmiyotti had renoted the hearing on the petition for July 15, but counsel indicated she would not be available on July 15. Counsel requested that the guardianship petition and the motion to dismiss both be considered on July 22. The court granted this request.

Counsel for both parties appeared before the court as scheduled on July 22. Mr. Hicks was present at the hearing; Ms. Cimmiyotti was not. Counsel for Ms. Cimmiyotti requested a brief continuance as Ms. Cimmiyotti was unable to participate due to a death in the family. The court continued the matter to July 29 and instructed the parties to be prepared to go forward at that time.

The matter then came before the court on July 29 as scheduled. At the beginning of the hearing, counsel for Mr. Hicks noted she had recently filed some supplemental materials and had provided the materials to counsel for Ms. Cimmiyotti. The court offered Ms. Cimmiyotti the opportunity to continue the hearing to September to allow for review of the materials. Ms. Cimmiyotti declined this offer, indicating she wanted to go forward that day.

No. 38391-1-III
*In re Guardianship of Hicks*

Prior to proceeding to the merits of the guardianship petition, the court noted a GAL had not been appointed as contemplated by the guardianship statute.[1] Counsel for Ms. Cimmiyotti stated she was going to formally move for appointment of the GAL, but then Mr. Hicks filed his motion to dismiss. Counsel for Ms. Cimmiyotti explained the court had pushed the hearing on the petition to the same time as Mr. Hick's motion to dismiss. Ms. Cimmiyotti's attorney then affirmed Ms. Cimmiyotti was prepared to proceed that day with the planned hearing. The court expressed concern about the fact that a GAL had not already been appointed, but nevertheless moved forward with the hearing.

After hearing argument from counsel, the court dismissed the guardianship petition, finding Mr. Hicks was a well-adjusted healthy young man. The court also denied Mr. Hicks's motion for attorney fees on the basis that Mr. Hicks had not shown the guardianship petition had been filed in bad faith.

Ms. Cimmiyotti filed a timely notice of appeal.

ANALYSIS

Ms. Cimmiyotti's primary argument on appeal appears to be that the trial court erroneously ruled on Mr. Hick's motion to dismiss without first appointing a GAL as

---

[1] Former chapter 11.88 RCW (2016), *repealed by* LAWS OF 2020, ch. 312, § 904.

3

required by former RCW 11.88.090(3) (2008). This argument was not made to the trial court and it does not involve subject matter jurisdiction, a claim of insufficiency of facts, or constitutional law. Ms. Cimmiyotti's argument is therefore subject to the waiver provision of RAP 2.5(a), pertaining to unpreserved errors.

Ms. Cimmiyotti had ample opportunity to object to fact that a GAL had not been appointed as required by former RCW 11.88.090(3). The record reveals Ms. Cimmiyotti was aware the court had set a hearing for consideration of the petition, including the request for appointment of a GAL, at the same time it would consider Mr. Hicks's motion to dismiss. Given this simultaneous setting, it was manifestly apparent that the trial court would not be appointing a GAL if it granted Mr. Hicks's motion to dismiss. Yet Ms. Cimmiyotti voiced no objection to the court's procedure. To the contrary, Ms. Cimmiyotti declined the trial court's invitation to continue the hearing on Mr. Hicks's motion to dismiss until a September hearing date. Had Ms. Cimmiyotti accepted the court's suggested continuance, the court would have been able to address the appointment of a GAL prior to a hearing on the motion to dismiss. Ms. Cimmiyotti waived an objection to the trial court's decision to rule on the dismissal motion prior to appointing a GAL by explicitly opting to proceed with the motion to dismiss on the same day that the court had

set to consider the petition and GAL request. We will not review Ms. Cimmiyotti's

unpreserved objection to the trial court's process for the first time on appeal.

Apart from her procedural argument, Ms. Cimmiyotti claims the record before the

trial court did not justify the order of dismissal.[2] We disagree. Ms. Cimmiyotti is

understandably concerned about her son's transition into adulthood given his neurological

disorder diagnoses. But nothing in the record shows more than a speculative risk of harm.

Mr. Hicks presented uncontested evidence to the trial court that he is an 18-year-old adult

who is intelligent, capable of holding a job, and able to make reasoned judgments about

his life. Mr. Hicks's medical diagnoses alone are not sufficient reasons to impose a

guardianship. *See* former RCW 11.88.010(1)(c) (2016) ("Age, eccentricity, poverty,

or *medical diagnosis* alone shall not be sufficient to justify a finding of incapacity.")

(emphasis added). The trial court appropriately concluded that Mr. Hicks did not currently

meet the criteria for a guardianship.[3]

---

[2] To the extent Ms. Cimmiyotti's position is that dismissal of the petition was procedurally improper under former chapter 11.88 RCW, that claim has not been preserved. *See* RAP 2.5(a). Ms. Cimmiyotti has also failed to develop this issue as required by RAP 10.3(a)(6).

[3] Contrary to Ms. Cimmiyotti's protestations on appeal, res judicata would not preclude another guardianship petition should new facts develop demonstrating Mr. Hicks lacked the capacity to care for himself and/or his finances.

As part of his response to Ms. Cimmiyotti's appeal, Mr. Hicks argues the trial court erred in failing to grant his request for attorney fees. We will not address this claim as Mr. Hicks has not sought a cross appeal of that decision. *See* RAP 2.4(a). Mr. Hicks also requests attorney fees on appeal under RAP 18.9 and RCW 11.96A.150, claiming Ms. Cimmiyotti's appeal is frivolous. While we have discretion to award fees, we decline to do so.

## CONCLUSION

The dismissal of the guardianship petition is affirmed. Mr. Hicks's request for attorney fees is denied.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____
Siddoway, C.J.

_____
Fearing, J.

6